UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| **BARBARA ANN KELLY,**<br><br>　　Plaintiff<br><br>v.<br><br>**OFFIT KURMAN, P.A.,**<br><br>　　Defendant | Case No.  1:17-cv-03668-CCB |

### MEMORANDUM OF LAW IN SUPPORT OF OFFIT KURMAN, P.A.'S MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT

Defendant Offit Kurman, P.A. ("Offit Kurman"), by and through its attorneys, James E. Dickerman and Eccleston & Wolf, P.C., pursuant to the Federal Rules of Civil Procedure, hereby submits this Memorandum of Law in Support of its Motion to Strike Plaintiff's Amended Complaint, and in support thereof, states as follows:

### INTRODUCTION

Although Plaintiff is proceeding in this lawsuit *pro se*, for decades she has been involved in extensive litigation in the State, Federal, Appellate, and Bankruptcy Courts across numerous jurisdictions, and has frequently elected to proceed as an unrepresented litigant for strategic and tactical purposes.  The Amended Complaint filed on October 30, 2020 should be stricken by the Court as a result of Plaintiff's clear violation of the relevant Federal Rules for Civil Procedure, and because of the bad faith, undue delay and dilatory tactics by Plaintiff which result in substantial prejudice to Offit Kurman.[1]

---

[1] Plaintiff's Amended Complaint is also fatally defective and fails to state any viable claim against Offit Kurman and is therefore subject to dismissal pursuant to FRCP Rule 12.  Thus, Plaintiff's

## RELEVANT BACKGROUND AND PROCEDURAL HISTORY

On or about December 12, 2017, Plaintiff filed her original Complaint in this action, asserting seven claims against Offit Kurman alleging breach of contract, violation of the Truth in Lending Act ("TILA"), violation of the Fair Debt Collection Practices Act ("FDCPA"), "Constructive Fraud, Fraudulent Inducement, and Fraudulent Misrepresentation ("Fraud"), breach of fiduciary duty, legal malpractice, and intentional infliction of emotional distress. Each of the claims generally arise out of the "Credit Agreement" entered into between Plaintiff and Offit Kurman on or about December 13, 2013.

On March 13, 2018, three months after filing the Complaint and before summons had ever been issued in this case, Plaintiff filed a bankruptcy petition in the United States Bankruptcy Court for Maryland, Case No. 18-13244 (the "Bankruptcy Case"). *See* Docket for Case No. 18-13244, attached as **Exhibit 1**. Plaintiff proceeded in the Bankruptcy Case *pro se. Id.* On March 26, 2018, summons was first issued for the original Complaint. *See* ECF 7. On June 7, 2018, the Court administratively closed the case as a result of Plaintiff's filing of a voluntary bankruptcy petition. *See* ECF 10.

On July 13, 2018, the Bankruptcy Court dismissed Plaintiff's Chapter bankruptcy case. *See* **Exhibit 1** at ECF 74. Five days later, both Plaintiff and her non-party husband Gregory B. Myers ("Myers") filed separate Emergency Motions to Reconsider the dismissal (*Id.* at ECF 78-79), and Notices of Appeal on July 26, 2018 (*Id.* at ECF 80-81). Plaintiff filed an Emergency Motion to Stay Pending Appeal and Emergency Motion to Shorten Time to Respond thereto on February 12,

---

amendments are also futile, however, this Motion focuses only on striking the Amended Complaint for the reasons set forth herein. Offit Kurman's arguments concerning the futility of the amendments and basis for dismissal of the Amended Complaint would be presented in the event that the Court decides not to grant the relief requested herein.

2019. *Id.* at ECF 113-114. Both motions were denied by the Court two days later on February 14, 2019 (*Id.* at ECF 116-117). On September 30, 2019, the Bankruptcy Case was dismissed by the Bankruptcy Court after Plaintiff voluntarily withdrew her Notice of Appeal. *Id.* at ECF 121.

On December 4, 2019, nearly two years after this case was initially filed, one and a half years after filing the Bankruptcy Case, and more than two months after the Bankruptcy Case was dismissed, Plaintiff, by and through her retained counsel Roger Simmons, Esq., filed a Motion to Reopen the instant case, which was granted on December 16, 2019. *See* ECF 12-13. After another six-month delay, on June 17, 2020, Plaintiff requested that the summons be reissued to serve the Complaint on Offit Kurman. ECF 17. Counsel for the parties conferred to discuss various matters, including the service of the Complaint and the fact that each of the claims against Offit Kurman in the Complaint were fatally defective and subject to dismissal. In response, Plaintiff's counsel agreed that an Amended Complaint would need to be filed and that Offit Kurman would not have to incur the time, cost and expense in drafting a Motion to Dismiss the Complaint, and instead would only need to respond to the Amended Complaint after it was filed. *See* Offit Kurman Opposition to Motion to Disqualify, ECF 31 at Section IV.

After Mr. Simmons terminated his representation of Plaintiff and withdrew from the case effective August 6, 2020, Offit Kurman voluntarily accepted service of the Complaint on August 13, 2020 (two years and eight months after it was first filed by Plaintiff), and subsequently filed its Motion to Dismiss the Complaint on September 3, 2020. *See* ECF 20-25. Plaintiff then contacted Offit Kurman's counsel on October 5, 2020, the day before her response to Offit Kurman's Motion to Dismiss was required to be filed, requesting a 28 day extension under the pretext that the prior weekend she needed to attend to a family matter out of state. *See* ECF 31 at Exhibit 10. In reality, Plaintiff's request for additional time to respond to the Motion to Dismiss

was simply an underhanded tactical maneuver, undertaken in bad faith, as evidenced by the fact that Plaintiff proceeded with filing a Motion to Disqualify Offit Kurman's counsel and a Motion for Extension of Time on October 6, 2020, the day her response was originally due. *See* ECF 27-28. Then, on October 15, 2020, Plaintiff filed a Motion to Stay, asking the Court to stay any further proceedings until Plaintiff's Motion to Disqualify was resolved. *See* ECF 29.

Offit Kurman was forced to incur significant time and expense in preparing an Opposition to Plaintiff's baseless Motion to Disqualify, which was filed on October 19, 2020, the day before Plaintiff's response to the Motion to Dismiss was due pursuant to the extension granted to Plaintiff under false pretext. *See* ECF 31. Two days later, the Court denied Plaintiff's Motion to Stay without a hearing or any response being filed, although before it was denied, Offit Kurman nonetheless was forced to incur further additional unnecessary legal expenses in preparing to respond to Plaintiff's frivolous motion. In its Order denying Plaintiff's Motion to Stay, the Court noted that Plaintiff failed to file a timely response to Offit Kurman's Motion to Dismiss, but nonetheless allowed Plaintiff until October 30, 2020 to respond to Offit Kurman's Motion to Dismiss. *See* ECF 32.

Just minutes before midnight on October 30, 2020, Plaintiff hand-delivered an Amended Complaint, not to this Court, but rather through the after-hours dropbox for the United States Bankruptcy Court for Maryland, despite representing to this Court that she is a Florida resident for the purpose of claiming diversity of citizenship in order to bring this lawsuit against Offit Kurman in federal court. *See* ECF 33.

**ARGUMENT**

The Court should strike Plaintiff's Amended Complaint for a plethora of reasons, including, but not limited to, Plaintiff's violation of the FRCP, unnecessary and undue delay, dilatory litigation tactics, and clear bad faith.

### I. The filing of the Amended Complaint is in violation of FRCP Rule 15.

Pursuant to FRCP Rule 15(a)(1), Plaintiff is permitted to amend her complaint once as a matter of right, but only: (A) within 21 days after serving the Complaint; or (B) within 21 days after being served with Offit Kurman's Motion to Dismiss. Fed. R. Civ. P. Rule 15(a)(1). "In all other cases, a party may amend its pleading **only with the opposing party's written consent or the court's leave.**" *Id.* at Rule 15(a)(2) (*emphasis added*). The Court should strike Plaintiff's Amended Complaint as it was filed on October 30, 2020 without leave of court or permission from Offit Kurman, nearly 80 days after the Complaint was served and 57 days after being served with Offit Kurman's Motion to Dismiss, in direct violation of FRCP Rule 15. *See, e.g., ). Readmond v. Matsushita Electric Corp*., 355 F. Supp. 1073 (E.D. Pa. 1972) (granting motion to strike when new allegations were added without leave of court); *FDIC v. Kooyomjian*, 220 F.3d 10 (1st Cir. 2000) (striking amendments filed without leave of court or consent by the opposing parties). In order to amend her Complaint more than 21 days after it was served on Offit Kurman, Plaintiff was required to either obtain express permission from Offit Kurman or motion the Court for leave to file an Amended Complaint. Because Plaintiff failed to timely file an Amended Complaint as a matter of right, and failed to obtain either leave of court or permission from Offit Kurman to file an Amended Complaint, the Amended Complaint is improper, untimely and must be stricken by the Court. *See Price v. Waste Mgmt*., Civil No. ELH-13-02535, 2014 U.S. Dist. LEXIS 59735, at *38-40 (D. Md. Apr. 30, 2014) ("Under Fed. R. Civ. P. 15(a), if more than 21 days have passed since service of

5

the motion to dismiss, a party may only amend if the opposing party provides written consent or with the court's leave").

Furthermore, Plaintiff's filing of the Amended Complaint causes substantial prejudice to Offit Kurman, and is improper based upon Plaintiff's bad faith, unjustified and intentional delay and dilatory litigation strategy. The procedural history of this case alone is sufficient to demonstrate that Plaintiff has engaged in dilatory tactics and intentionally delayed at every opportunity. The Complaint filed in December 2017 was not served until Offit Kurman voluntarily agreed to waive service on August 13, 2020, as a result of the Bankruptcy Case which was dismissed because Plaintiff failed to qualify for Chapter 13 bankruptcy protections, and subsequently appealed by Plaintiff. Even after this case was reinstituted following the termination of the Bankruptcy Case, more than six months passed before Plaintiff even *attempted* to serve Offit Kurman with the Complaint. After Offit Kurman filed its Motion to Dismiss, Plaintiff obtained an extension of time to respond under false pretext, sought to disqualify counsel and stay all proceedings based upon abject falsehoods, and failed to timely file a response on the deadline it was due. The Court was quite lenient and provided Plaintiff with an additional extension of time to respond to the Motion to Dismiss through October 30, *sua sponte*. Plaintiff hand-filed her 35-page Amended Complaint minutes before midnight, in the wrong court, without a redline copy revealing the changes that were made, and adds allegations from as far back as 2012 which are wholly irrelevant and would clearly be time-barred, regardless.

Plaintiff Amended Complaint now attempts to allege that she was never involved in any way in the legal proceedings for which she executed the Credit Agreement in order to obtain Offit Kurman's representation, directly contradicting her assertions in the original Complaint. To the extent that Amended Complaint contains new allegations of purported misconduct by Offit

6

Kurman during the time between the date of the Credit Agreement in December 2013 and the date suit was filed in December 2017, it is prejudicial to Offit Kurman because Plaintiff failed to previously assert such claims and allegations and must be precluded from attempting to inject them after several years of intentional delay caused solely by the Plaintiff's dilatory litigation strategy. As the procedural history of the variety of other lawsuits that Plaintiff makes a central issue in the instant action demonstrate, dilatory tactics and frivolous filings are not an isolated incident, but rather the universal litigation strategy employed by Plaintiff. *See* Offit Kurman's Motion to Dismiss.

Plaintiff seeks to intentionally delay and prolong litigation at every turn, disregarding substantive and procedural law and the Rules of the Court, in an effort to prejudice her litigation adversaries and avoid having the frivolous claims decided on the merits. The fact that Plaintiff strategically elects to proceed *pro se* cannot shield her from accountability for her vexatious litigation tactics. *See, e.g.* Fed. R. Civ. P. Rule 11; *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure"); *Cady v. S. Suburban College*, 310 F. Supp. 2d 997, 2004 U.S. Dist. LEXIS 5007 (N.D. Ill. 2004) (considering sanctions under FRCP Rule 11 with "an experienced *pro se* litigator"). The dilatory and frivolous nature of the allegations and assertions in the Amended Complaint are further evidenced by the fact that many of the claims and allegations have already been raised by Plaintiff in various other proceedings and are barred under the doctrine of *res judicata*. The Amended Complaint is brought in bad faith, without substantial justification or legal basis, which causes prejudice to Offit Kurman.

Accordingly, the Court should strike Plaintiff's Amended Complaint which was filed in direct violation of the Federal Rules, and proceed to rule on Offit Kurman's Motion to Dismiss.

## II. Plaintiff filed the Amended Complaint without a redline copy in violation of Local Rule 103.6

Plaintiff failed to file a redline or comparison copy of her Amended Complaint in direct violation of the Local Rules for the District of Maryland, Local Rule 103.6(a). Despite the fact that the Amended Complaint contains significant changes from the Complaint, comprising 35 pages and asserting thirteen separate causes of action instead of seven in the original, Plaintiff failed to file a redline or comparison copy of the Amended Complaint indicating each of the materials that have been stricken or added to the pleading, as required by law. *See* Local Rule 103.6(c). This is in addition to the fact that Plaintiff failed to obtain leave of court to file the Amended Complaint and attach a copy of the proposed amendments, in violation of FRCP Rule 15(a)(2) and Local Rule 103.6(a). *See also Price*, 2014 U.S. Dist. LEXIS 59735, at *39 (failure to file a motion for leave to amend and failure to attach a proposed red-lined amended complaint).

The fact that Plaintiff has voluntarily elected to proceed *pro se*, as she has previously done in a variety of other proceedings across many jurisdictions, does not relieve her of her obligation to comply with the Federal Rules of Civil Procedure of the Local Rules of the District Court. *See e.g.*, *Flipping v. US Home Mortg.*, Civil Action No. TDC-15-4021, 2017 U.S. Dist. LEXIS 196684, at *5 (D. Md. July 17, 2017) (a *pro se* plaintiff "is responsible for understanding and complying with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Maryland."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure").

Offit Kurman is prejudiced by being forced to comb through the 35-page Amended Complaint to determine what changes have been made in order to address and respond to the thirteen causes of action, new allegations and unknown number of variations, additions and

8

subtractions from the original Complaint because Plaintiff failed to provide a redline version as required by law. Plaintiff's failure to comply with her legal obligations will prejudice Offit Kurman by causing it to unnecessarily incur significant additional attorneys' fees and due to the additional unjustifiable delay, which the record suggests are Plaintiff's primary goals. Thus, ignoring Plaintiff's violations would penalize and prejudice Offit Kurman, while simultaneously rewarding Plaintiff for her own misconduct.

Finally, the Amended Complaint was filed in response to the extensive arguments set forth by Offit Kurman demonstrating that Plaintiff possesses no viable claims upon which relief can be granted. The Amended Complaint fails to cure any of the fatal defects in the original Complaint, and therefore the proposed amendments are futile. Accordingly, the Court should strike Plaintiff's untimely Amended Complaint filed in violation of the FRCP and Local Rules, and grant Offit Kurman's Motion to Dismiss, regardless whether the Court treats the Amended Complaint as an attempt to respond to the Motion to Dismiss or if the Court treats the Motion to Dismiss as unopposed. The result is ultimately the same, because Plaintiff has no genuine, good faith basis for asserting any claims against Offit Kurman and this lawsuit must be swiftly discarded.

## **CONCLUSION**

WHEREFORE, Defendant Offit Kurman respectfully requests that this Honorable Court strike Plaintiff's Amended Complaint and proceed to rule on the pending Motion to Dismiss filed on September 3, 2020, and for any such other or further relief as the Court may deem just and proper, given the circumstances and misconduct engaged in by Plaintiff.

Respectfully submitted,

*/s/ James E. Dickerman*
James E. Dickerman (No. 10687)
ECCLESTON & WOLF, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD 21076-1378
(410) 752-7474 (phone)
(410) 752-0611 (fax)
E-mail: dickerman@ewmd.com
*Attorneys for Defendant Offit Kurman, P.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 16, 2020, copies the foregoing MEMORANDUM OF LAW IN SUPPORT OF OFFIT KURMAN'S MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT were served by first-class mail, postage prepaid to:

Barbara Ann Kelly
700 Gulf Shore Blvd. North
Naples, Florida 34102
*Pro se Plaintiff*

*/s/ James E. Dickerman*
James E. Dickerman (No. 10687)