UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| **BARBARA ANN KELLY,**<br><br>   Plaintiff<br><br>v.<br><br>**OFFIT KURMAN, P.A.,**<br><br>   Defendant | Case No. 1:17-cv-03668-CCB |

### OFFIT KURMAN, P.A.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE AMENDED COMPLAINT

Defendant Offit Kurman, P.A. ("Offit Kurman"), by and through its attorneys, James E. Dickerman and Eccleston & Wolf, P.C., hereby files this Reply to Plaintiff's Opposition to Offit Kurman's Motion to Strike Plaintiff's Amended Complaint, and in support thereof, states as follows:

Plaintiff's Opposition to Offit Kurman's Motion to Strike relies on a prior agreement between counsel and misconstrues the basis of the understanding and agreement in an attempt to provide an excuse for the significantly untimely amended pleading filed by Plaintiff. Upon being retained to defend Offit Kurman in this lawsuit, undersigned counsel conducted a review and investigation of the claims and allegations being pursued by Plaintiff and determined that each of the claims in the Complaint were properly subject to a motion to dismiss for failure to state a claim upon which relief could be granted. Undersigned counsel discussed with Plaintiff's then counsel the deficiencies in the claims and Offit Kurman's intent to file a motion to dismiss. During that the conversation, Plaintiff's counsel was informed of the Offit Kurman's position concerning why

each of the claims were subject to dismissal and he agreed that filing an amended complaint to correct these deficiencies was appropriate.

As a result, the parties' respective counsel reached an understanding and agreement that, in light of the deficiencies in the Complaint, in order to avoid both parties incurring the cost of drafting and responding to a motion to dismiss the original Complaint that Offit Kurman intended to file, Plaintiff's then counsel would draft and file an Amended Complaint that addressed the deficiencies and complied with the relevant pleading and procedural requirements under the Federal Rules. The parties never agreed to allow Plaintiff to file an untimely Amended Complaint in violation of the Federal Rules of Civil Procedure and Local Rules, without a redline comparison copy, that not only failed to correct or address the widespread deficiencies in the original pleading, but rather increased and compounded the significant defects. Instead of removing patently untenable and frivolous claims and allegations, as was the understanding and agreement between counsel, Plaintiff's Amended Complaint added additional frivolous claims, causing the belated and untimely Amended Complaint filed in direct violation of the Federal Rules to be even more convoluted and improper than the original.

The understanding and agreement between counsel was an agreement for the specific purpose of avoiding unnecessary litigation and motions practice by allowing the attorney previously representing Plaintiff the opportunity to cure the fatal defects and deficiencies in the Complaint, which had been filed *pro se*, in order to file a complaint that complied with the Federal Rules and that set forth recognized and viable causes of action. Moreover, the July 10, 2020 email at issue from Offit Kurman's counsel to Mr. Simmons states that "[w]e agreed that Offit Kurman does not need to file a response to the pending Complaint and that **you** will be filing an amended complaint." The "you" in that email refers to Roger Simmons, Plaintiff's prior counsel. Once Mr.

Simmons terminated his representation of Plaintiff and withdrew from the case, it was necessarily impossible for Mr. Simmons to file an Amended Complaint. Therefore, Offit Kurman filed a Line with the Court on August 13, 2020 to provide notice that counsel for the parties previously reached an understanding concerning Plaintiff' counsel's intention to file an Amended Complaint, however, because Mr. Simmons withdrew, Offit Kurman sent notice to Plaintiff that it would accept service of the Complaint and would be filing a Motion to Dismiss. *See* ECF 23. On the same day, a letter was sent to Plaintiff along with a copy of the email Plaintiff seeks to exploit, informing Plaintiff that there was a previous agreement to wait for Mr. Simmons to file an Amended Complaint before Offit Kurman would accept service and then file a response, but given that Mr. Simmons had withdrawn from the case, Mr. Dickerman was officially accepting service of the Complaint and would file a response. *See* ECF 23-1.

Despite receiving notice on August 13, 2020 of the previous agreement between counsel and of the fact that as a result of the withdrawal of Plaintiff's counsel, Offit Kurman was accepting service of the original Complaint and intended to proceed with filing a response, Plaintiff never indicated that she intended to file an Amended Complaint or that Offit Kurman should continue to wait to file a response. In fact, Plaintiff's response was quite the opposite – she stated that "I did not authorize Mr. Simmons to 'agree that no response to the prior Complaint was necessary.'" *See* September 3, 2020 email from Barbara Kelly, attached to Plaintiff's Reply to Offit Kurman's Opposition to Motion for Disqualification at Exhibit M (ECF 41-13). Thus, by Plaintiff's own admission, Mr. Simmons was not authorized to make the agreement with counsel for Offit Kurman that she now seeks to exploit as a mechanism to facilitate the improper and untimely Amended Complaint in direct violation of the Federal Rules. This prior statement directly contradicts Plaintiff's current argument that there was a "valid agreement reached between opposing counsel"

that Plaintiff contends allowed her to unreasonably wait several months and engage in costly motions practice before filing an untimely Amended Complaint without seeking an order of the Court or even attempting to seek consent from Offit Kurman. In that regard, because Offit Kurman had been forced to incur significant expenses drafting a Motion to Dismiss and responding to a Motion for Disqualification, and preparing to respond to a Motion to Stay filed by Plaintiff, Offit Kurman would not have consented to the filing of an Amended Complaint, particularly an amended complaint that did not even attempt to address the deficiencies set forth in the motion to dismiss.

The agreement to allow for the filing of an Amended Complaint fundamentally depended upon certain conditions. First, that the amended complaint was being filed to correct the obvious defects contained in the initial complaint.[1] Second, it was also understood that Offit Kurman was agreeing to the filing of an Amended Complaint to avoid the cost and expense associated with filing a motion to dismiss the original Complaint only to have an amended complaint immediately filed in response. Both of these material considerations were negated and undermined by Plaintiff filing an Amended Complaint after Offit Kurman had incurred the cost of filing a motion a dismiss and which, not only did not correct the deficiencies in the original, but added to them by including new defective claims.

In sum, the agreement to permit the filing of an Amended Complaint was not unequivocal and in perpetuity, but rather was limited to an agreement for Plaintiff's counsel to file promptly file an Amended Complaint in compliance with the Federal Rules (including the requirement to

---

[1] In that regard, the untimely and improper Amended Complaint that was not filed by Plaintiff until October 30, 2020 (more than three months after Plaintiff's prior counsel agreed he would be promptly filing an Amended Complaint) did not remove frivolous claims and allegations, but rather injected additional new frivolous claims and allegations making the Amended Complaint even worse than the original.

serve a redline copy and satisfy the necessary pleading requirements) for the explicit purpose of avoiding unnecessary costs involved in motions practice. Plaintiff also explicitly stated that Mr. Simmons lacked the authority to make the very agreement she attempts to use to her benefit now, and further was notified of Offit Kurman's intention to respond to the original Complaint, which necessarily rescinded the prior agreement to the extent that it was not already negated by the withdrawal of Mr. Simmons and/or Plaintiff's outright claim that the agreement was invalid.

WHEREFORE, Offit Kurman, P.A. respectfully requests that this Honorable Court grant its Motion to Strike Plaintiff's untimely Amended Complaint, enter an Order striking the Amended Complaint (ECF 33) and Supplemental Exhibits (ECF 34), and proceed to rule on Offit Kurman's unopposed Motion to Dismiss (ECF 25), and for any such other or further relief as the Court may deem just and proper under the circumstances.

## STATEMENT REGARDING PLAINTIFF'S IMPROPER REQUEST FOR SANCTIONS

Plaintiff attempts to improperly utilize her Opposition to Offit Kurman's Motion to Strike the Amended Complaint as a vessel to inject a request for sanctions against Offit Kurman in violation of the Federal Rules of Civil Procedure. See Federal Rule of Civil Procedure 11(b) (A motion for sanctions must be filed as a separate motion and may not be filed with the court until 21 days after the motion was served on the opposing party and the challenged conduct is not rectified.) The request should be denied on this basis alone. Moreover, Plaintiff appears to be pursuing sanctions on the basis that the delay caused by Plaintiff's filing of a voluntary bankruptcy petition, one of many that Plaintiff has strategically filed during the course of various ongoing litigation, was actually the fault of Offit Kurman and therefore the Court should sanction Offit Kurman accordingly. Plaintiff is woefully misguided, because federal law imposes an automatic

stay when bankruptcy proceedings have been initiated and it is the obligation of the parties to notify the Court of a bankruptcy filing. *See* 11 U.S.C. 362.

Plaintiff's selective misinterpretation of a quote from *Platinum Fin. Servs. Corp. v. Byrd*, 357 F.3d 433, 439 (4th Cir. 2004) and argument that Offit Kurman attempted to mislead the Court because the proceeding was not an appellate proceeding is incorrect, as the automatic bankruptcy stay applies equally to trial and appellate proceedings. Moreover, Plaintiff was required to effect service after reopening the case following the Court's decision to close the case statistically as a result of the pending bankruptcy proceeding, and the factually and procedurally accurate statement in no way misled the Court nor was it intended to mislead the Court.

    Respectfully submitted,

*/s/James E. Dickerman*
James E. Dickerman (Bar Number 10687)
ECCLESTON & WOLF, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD 21076-1378
(410) 752-7474 (phone)
(410) 752-0611 (fax)
E-mail: dickerman@ewmd.com
*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 1, 2021, a copy of the foregoing OFFIT KURMAN, P.A.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE AMENDED COMPLAINT was served by electronic mail upon Plaintiff Barabra Ann Kelly at bakellymyers@verizon.net. Copies will also be served via first class mail, postage prepaid on Monday, January 4, 2021to:

>Barbara Ann Kelly
>700 Gulf Shore Blvd. North
>Naples, Florida 34102
>*Pro se Plaintiff*

>*/s/ James E. Dickerman*
>James E. Dickerman (Bar Number 10687)