UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| **BARBARA ANN KELLY,**<br><br>Plaintiff<br><br>v.<br><br>**OFFIT KURMAN, P.A.,**<br><br>Defendant | Case No. 1:17-cv-03668-CCB |

## MOTION TO STRIKE SUGGESTION OF BANKRUPTCY

Defendant Offit Kurman, P.A. (hereinafter "Offit Kurman"), by and through its attorneys, James E. Dickerman and Eccleston & Wolf, P.C., hereby moves to strike the *Suggestion of Bankruptcy* filed in bad faith by Plaintiff relating to the filing of a Chapter 13 Bankruptcy Petition by nonparty Gregory B. Myers ("Myers"), and in support thereof, states as follows:

## ARGUMENTS

Plaintiff's most recent filing is yet another in a long series of frivolous filings intended to delay and impede the orderly adjudication of the equally frivolous claims brought against Offit Kurman in this action. Just two days after the Court issued its Order on January 26, 2021 (ECF 50) holding, *inter alia,* that the Plaintiff "has continued to delay deadlines in this litigation," echoing the Court's prior admonishment over the Plaintiff's "pattern" of repeatedly delaying the litigation (*see* ECF 38), Plaintiff's husband, Myers, filed a baseless, untimely Motion to Intervene (ECF 52) claiming a right to intervene in this litigation to pursue unspecified claims against Offit Kurman, the impropriety and fatal insufficiency of which is addressed more fully in Offit Kurman's Opposition thereto (ECF 53), which is incorporated herein, by reference, as though the

arguments were fully set forth and reasserted herein, at length.[1] In support of the Motion to Intervene, Myers represented to the Court that "the parties will not be prejudiced by Myers's [proposed] intervention," and that "intervention will not delay or prejudice adjudication of any party's rights." *See* ECF 52 at 2.

However, within hours of filing his Motion to Intervene, Myers filed a new Chapter 13 Bankruptcy proceeding in the Bankruptcy Court for the Middle District of Florida (Case No. 2:21-bk-00123-FMD) (hereinafter the "Bankruptcy Case"), which is but the most recent in a long history of frivolous bankruptcy cases strategically filed by Myers for improper purposes, including to obfuscate and delay various other legal proceedings.[2] The coordinated filing of the Bankruptcy

---

[1] Plaintiff's contention that Offit Kurman violated the automatic stay simply by filing its Opposition to the Motion to Intervene fails for multiple reasons. First, Offit Kurman was obligated to file an Opposition within 14 days after the Motion to Intervene was filed pursuant to Local Rule 105.2(a). Next, the Opposition was in response to the frivolous Motion to Intervene filed by Myers, and was not a lawsuit or action asserting claims against the bankruptcy debtor. *See Wash. Mut., Inc. v. FDIC*, 659 F. Supp. 2d 152, 2009 U.S. Dist. LEXIS 92822 (D.D.C. 2009) (motion to intervene did not violate automatic stay because lawsuit was not *against* the debtor). More importantly, the automatic stay does not apply to this case, and even if it did, the Court has concurrent jurisdiction to determine the applicability of the automatic stay with respect to pending litigation. *See In re Warren,* No. 17-22544, 2019 WL 3995976, at *6 (Bankr. D. Md. Aug. 22, 2019) *(citing Chao v. Hosp. Staffing Servs., Inc.*, 270 F.3d 374, 384 (6th Cir. 2001) *and In re Baldwin-United Corp. Litig*., 765 F.2d 343, 347 (2d Cir. 1985)).

[2] The frivolity of Myers's Bankruptcy Case is not simply an argument by Offit Kurman, but rather is a view held by Myers's creditors as evidenced by the Emergency Motion filed in the Bankruptcy Case (presently before this Court as ECF 53-1), that appears to be shared by the Bankruptcy Court as evidenced by the Order entered in the Bankruptcy Case as Docket No. 19, (attached hereto as **Exhibit 1**), wherein the Court held that the automatic bankruptcy stay under 11 U.S.C. §362 did not apply to two separate lawsuits filed by Myers as plaintiff in Florida Courts, both captioned *Gregory B. Myers v. The St. Joe Company, et al.*, Case No. 2020-CA-000434 pending in the Circuit Court for Walton County, Florida (the "Walton County Action") and Case No. 11-2020-CA-003406-0001 pending in the Circuit Court for Collier County, Florida, (the "Collier County Action"), or to any appeals related thereto *because Myers is the plaintiff in the two actions* and the automatic stay does not apply to offensive claims by a debtor; and the Court further held that to the extent any automatic stay was applicable, the Court nonetheless granted prospective *in rem* relief from any such stay as to any *future bankruptcy case file by Myers or any other plaintiff in the Walton County Action, Collier County Action or any related appeals*.

Case immediately after the Motion to Intervene then precipitated Plaintiff's filing of the instant Suggestion of Bankruptcy, wherein Plaintiff claims that all proceedings in the instant litigation are "subject to the automatic stay pursuant to 11 U.S.C. § 362" and must be stayed through the conclusion of the Bankruptcy Case. *See* ECF 54, *see also* ECF 52. The timing and sequence of the recent filings by Plaintiff and Myers suggests a coordinated effort to file the Motion to Intervene, Bankruptcy Petition and ultimately the Suggestion of Bankruptcy in direct response to and circumvention of the Court's Order reiterating that it would not entertain any further attempts to improperly add new arguments and evidence relating to the pending motions, nor would any further delay be permitted by the Court.

The pattern also evidences a concerted strategy of bad faith actually intended to *maximize* prejudice and delay, which Myers falsely claimed would be absent from his proposed participation in this litigation. Plaintiff and Myers have frequently attempted to exploit strategic bankruptcy filings as an improper mechanism designed to delay and disrupt pending litigation when hearings or rulings by various courts were imminent. In fact, on January 28, 2021, little more than an hour after the Bankruptcy Case was filed, Myers filed a Suggestion of Bankruptcy on his own behalf in the Walton County Action where Myers was the plaintiff, claiming that automatic stay applies because "[t]he Bankruptcy Petition constitutes an order for relief pursuant to the provisions of the Bankruptcy Code and the Bankruptcy Petition has not been dismissed," and "[t]he property and claims upon which the above-captioned case is premised constitute property of Myers's bankruptcy estate and are subject to the automatic stay pursuant to 11 U.S.C. § 362." *See* Myers's Suggestion of Bankruptcy in the Walton County Action, attached hereto as **Exhibit 2**.[3]   In

---

[3] Plaintiff's Suggestion of Bankruptcy (ECF 54) makes these same arguments, almost *verbatim*, disregarding that the Bankruptcy Court rejected these misguided claims and ruled that there was no automatic stay for proceedings involving offensive claims by Myers.

response, Myers's creditor filed the Emergency Motion discussed in Offit Kurman's Opposition to Myers's Motion to Intervene (*see* ECF 53-1), and on February 4, 2021, the Bankruptcy Court issued an Order declaring that the automatic stay under 11 U.S.C. § 362 did not apply to proceedings in which Myers was a plaintiff pursuing offensive claims, or to any appeals related thereto. *See* **Exhibit 1**.

Twenty-five days before Plaintiff filed her Suggestion of Bankruptcy, the Bankruptcy Court had already issued an adjudication on the merits after a contested adversary hearing, declaring that the automatic stay did not apply to proceedings where Myers was *actually a party-plaintiff*, pursuing offensive claims.  Thus, there is no legitimate, good faith basis for Plaintiff to reassert the same failed arguments and claim that the automatic stay would somehow apply to the instant litigation, where Myers is *not a party* and lacks any cognizable legal interest or right to *ever* become a party to this case, unless the Court were to enter an Order declaring that he is permitted to intervene as a party-plaintiff.  *See, e.g., Willford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 126 (4th Cir. 1983) (holding that the automatic stay under 11 U.S.C. § 362 only provides limited protection to stay only proceedings *against* the actual bankruptcy debtor, as opposed to third-parties).

Even if Myers were permitted to intervene, he is seeking to do so as a plaintiff to pursue unspecified offensive "claims" *against* Offit Kurman, and therefore the automatic stay would not be applicable, regardless. *See, e.g., McNeil v. Maryland*, No. DKC 11-2495, 2012 WL 3643899, *2 (D. Md. Aug. 22, 2012) ("As the plain language of this statute suggests, the automatic stay applies to an action *against*, rather than *by*, the debtor.") (emphasis added); *Maritime Elec. Co. v. United Jersey Bank,* 959 F.2d 1194, 1204 (3rd Cir. 1991) (Section 362(a) "does not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate."); *see also*

*MTGLQ Investors, L.P. v. Guire,* 286 F.Supp.2d 561, 563 (D.Md. 2003) ("The Section 362 stay does not apply where, as here, the debtor is the plaintiff in a lawsuit."). Because the plain language of 11 U.S.C. §362 establishes that the automatic stay is only applicable to proceedings in which the bankruptcy debtor is *actually a party*, and then only in situations where the claims are *against* the party-debtor, it is obvious that Plaintiff's Suggestion of Bankruptcy was filed in bad faith, especially given the Bankruptcy Court's prior Order rejecting nearly identical arguments made by Myers relating to cases where he was *actually a party*.

Moreover, Plaintiff and Myers previously attempted to exploit the exact same tactic in a prior case before this Court, and lost on this very issue. In the prior matter of *Gregory B. Myers v. McNamee Hosea, et al.*, Case No 8:18-cv-03460-PX (hereinafter the "Myers Case"), Myers was the plaintiff pursuing offensive claims against his prior counsel, McNamee Hosea, and the court appointed Chapter 7 Bankruptcy Trustee for Myers's earlier bankruptcy estate, Roger Schlossberg. Notably, in the *second* Suggestion of Bankruptcy filed by Myers in the Myers Case, Myers argued that the filing of a Chapter 13 Bankruptcy Petition by his non-party spouse (the Plaintiff in the instant case) triggered the automatic stay under 11 U.S.C. § 362 and required all further proceedings to be stayed. *See Second* Suggestion of Bankruptcy in the Myers Case, attached as **Exhibit 3**. In response, the Trustee filed a Motion to Strike setting forth arguments that apply with equal force to the equally frivolous and baseless attempt by Plaintiff that mirrors the bad faith effort by Myers in the Myers Case. *See* Trustee's Motion to Strike, attached as **Exhibit 4**.

On February 14, 2020, the Court issued its Memorandum Opinion in the Myers Case, which is attached hereto as **Exhibit 5** and incorporated herein, by reference.[4] Although this Court

---

[4] The Court's Opinion is also reported as *Myers v. McNamee Hosea, Jernigan, Kim, Greenan & Lynch, P.A.,* Civil Action No. 8:18-cv-03460-PX, 2020 U.S. Dist. LEXIS 25577 (D. Md. Feb. 13, 2020).

should take judicial notice of the entirety of the prior Memorandum Opinion, which is relevant to demonstrate, *inter alia,* the pattern and history of repeated abuses of the judicial process that are the linchpin of Myers and Plaintiff's litigation strategy, the decision regarding the Trustee's Motion to Strike is on point for the issues presently before this Court.[5] Insofar in the instant case, Plaintiff takes the same fatally flawed position that Myers did in the Myers Case, for the same improper dilatory purposes, Offit Kurman contends that this Court's prior Memorandum Opinion in the Myers Case applies with equal force as to Plaintiff's instant Suggestion of Bankruptcy (ECF 54) as it did to the second Suggestion of Bankruptcy filed by Myers, except with the roles of Myers and Plaintiff reversed.

Plaintiff's claim that the automatic stay applies "pushes the bounds of reality" even more so than when Myers previously made the argument, given that this Court has previously rejected this baseless position in resounding fashion. *See* **Exhibit 5** at 8. Any "automatic stay provision applicable to [*Myers's*] bankruptcy has no force and effect in this case because [Plaintiff] is *not* the debtor in [Myers's Florida] Bankruptcy petition," and Myers is *not* a party to this case. *Id.* (*citing A.H. Robins, Inc. v. Piccinin,* 788 F.2d 994, 999 (4th Cir. 1986); *Willford*, 715 F.2d at 126. "Quite simply then, there is no basis to apply the stay provision to cases involving [Plaintiff] and not [Myers]." **Exhibit 5** at 8. Moreover, "[e]ven if [Plaintiff] could somehow be construed as a 'debtor' in [Myers's Florida] Bankruptcy action – which [s]he cannot – the automatic stay

---

[5] The history of improper litigation tactics was also addressed in a separate opinion issued by this Court in *Myers v. United States Trustee*, Civil Action No. 8:19-cv-00637-PX, 2020 U.S. Dist. LEXIS 25670 (D. Md. Feb. 13, 2020), attached hereto for the Court's reference and convenience as **Exhibit 6**, wherein the Court concluded, *inter alia*, that "Myers' true goal is to gum up the judicial process for his own personal benefit and ignore valid court orders as he sees fit. Taking this into account, the Court finds that Myers' behavior has reached the point where the Court could hold Myers in contempt and dismiss the action irrespective of the automatic stay... At this juncture, Myers is on notice that further similar conduct may result in the initiation of contempt proceedings against him." *See* **Exhibit 6** at 6-7.

provision still does not apply" because this is not an action brought "against the debtor… but rather an action brought by [Plaintiff]." *Id.*

Plaintiff even regurgitates the same intentional misrepresentations of fact and law previously asserted by Myers, both in his previous *second* Suggestion of Bankruptcy and in his most recent Motion to Intervene, categorically fail to establish any legitimate interest in this litigation, let alone one that could possibly implicate the automatic stay. *See Id.* at 9 (holding that the attempt to rely on *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3rd Cir. 1984) and the "conceivability" test was a misrepresentation of law); *compare* ECF 54 at ¶ 6 *with* **Exhibit 3** at n. 1. The most recent efforts by Plaintiff and Myers to derail this litigation through the concerted filing of a Motion to Intervene hours before Myers filed his Chapter 13 Bankruptcy Petition, followed by Plaintiff's Suggestion of Bankruptcy were all on the heels of the Court reiterating that the Plaintiff's pattern of intentional delay would not be tolerated any longer. Moreover, the instant case appears to be virtually identical to the circumstances in the Myers Case, wherein the Court held that the conduct was yet another bad faith attempt "to manufacture further delay in the resolution" of the claims. **Exhibit 5** at 9.

Therefore, the Court should strike Plaintiff's Suggestion of Bankruptcy clearly filed in bad faith, and proceed to rule on the other pending motions that are fully briefed and ripe for decision, including (1) the Motion for Disqualification (ECF 27); (2) the Motion to Strike Plaintiff's Amended Complaint (ECF 35); and, in the event that the Motion to Strike is granted, (3) Offit Kurman's Motion to Dismiss. *See, e.g., Khepera-Bey v. Santander Consumer USA, Inc*., No. WDQ-11-1269, 2013 U.S. Dist. LEXIS 4270, at *5 (D. Md. Jan. 10, 2013) ("striking documents is one power among the Court's inherent authority) (string cite omitted).

Additionally, given the lengthy history of abuses of the judicial process and pattern of blatant misconduct involving frivolous and dilatory tactics pursued in bad faith by Plaintiff and Myers, the Court should grant any such other or further relief as it may deem just and proper under the circumstances, including an exercise of the Court's inherent authority to order Plaintiff and/or Myers to show cause why the Court should not impose sanctions that the Court finds appropriate given the intentional misconduct and frivolous filings for improper purposes such as to harass Offit Kurman and delay these proceedings. *See* Fed. R. Civ. P. 11(c)(3); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) (Court has the inherent power to impose "an appropriate sanction for conduct which abuses the judicial process"); *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-259 (1975) (sanctions available when a party has "acted in bad faith, vexatious, wantonly, or for oppressive reasons."); *CarMax Auto Superstores, Inc. v. Sibley*, 767 F. App'x 462, 464 (4th Cir. 2019); *Six v. Generations Fed. Credit Union*, 891 F.3d 508, 519 (4th Cir. 2018); *Serritella v. Markum*, 119 F.3d 506, 512-13 (7th Cir. 1997) (authority to sanction a party for attempting to relitigate issues already decided); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 403-04 (1990) (sanctions for filings not grounded in fact or law and for improper purposes such as harassment or delay).

<u>Dated: March 10, 2021</u>                                                                  Respectfully submitted,

*/s/James E. Dickerman*
James E. Dickerman (Bar Number)
ECCLESTON & WOLF, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD 21076-1378
(410) 752-7474 (phone)
(410) 752-0611 (fax)
E-mail: dickerman@ewmd.com
*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 10, 2021, copies the foregoing OFFIT KURMAN P.A.'S MOTION TO STRIKE PLAINTIFF'S SUGGESTION OF BANKRUPTCY was served by first-class mail, postage prepaid to:

>Barbara Ann Kelly
>700 Gulf Shore Blvd. North
>Naples, Florida 34102
>*Pro se Plaintiff*
>
>Gregory B. Myers
>700 Gulf Shore Blvd. North
>Naples, Florida 34102
>*Non-party*

>*/s/ James E. Dickerman*
>James E. Dickerman (Bar No. 10687)